WILLIAM LAZIER *vs.* THEODORE H. NEVIN, ASSIGNEE, &C.,

August Term, 1869.

1. It is not error to permit a plaintiff to withdraw his replication to pleas where it appears that no surprise is occasioned thereby, or it is not to the prejudice of the defendant, the case not being tried at the term when the withdrawal is permitted.

2. A promissory note cannot be pleaded in bar to an action upon a simple contract.

3. Where A. obtains money and makes a note therefor, and for further security places his own note, endorsed by other parties, and the note of a third party, in the hands of the creditor as collaterals, the note of A. is no bar to the recovery upon the collaterals. Nothing short of its satisfaction would prevent a recovery by the creditor. Nor would any payments made by A., if not specially applied by him, be properly applicable to the collaterals in preference to his own note.

The declaration in this case was filed at April rules, 1865, in the clerk's office of the circuit court of Monongalia county, by Theodore H. Nevin, assignee of E. P. Fitch, against Isaac Scott, George D. Evans, George W. Dorsey, Sr., and William Lazier. It alleged that Alpheus C. Dorsey and the other defendants, made their promissory note in writing, payable to the order of Fitch at the banking house of Patrick & Co., in Pittsburgh, for 3,500 dollars, due at twelve months, dated November 11th, 1859. That afterwards Fitch assigned the note to the plaintiff.

On the 20th of May, 1865, the defendants filed eight pleas, in term: the first, second and third were formal

---

* He had been counsel in the case below.

pleas. The fourth, sixth and eighth alleged that on the 20th of January, 1863, an account stated was had between the plaintiff and defendants of and concerning the sum of money in the declaration mentioned, and upon the accounting the defendants were found in arrear and indebted to the plaintiff in the sum of 2,230 dollars, for which sum Fitch, the assignor, made his note at four months, which the plaintiff then and there accepted and received for and on account of the money in the declaration mentioned, and by reason thereof, Fitch became and was liable to pay to the plaintiff the sum of 2,230 dollars, according to the tenor and effect of his note. The other pleas were in substance the same. The eighth plea averred that the original note was made for the accommodation of Fitch, and procured and discounted for his sole use, and the other defendants were only securities. Issue was joined on these pleas at the term they were filed. The cause was continued until September term, 1867, when the plaintiff asked and obtained leave to withdraw his replication to the fourth, sixth and eighth pleas, and demurred thereto, which demurrer was sustained, whereupon the defendants excepted to granting the leave to withdraw the replication and to the sustaining of the demurrer. The cause was again continued. At the May term, 1868, the defendants filed five amended pleas, which being demurred to by the plaintiff, the demurrer was sustained and the defendants again excepted.

The first plea was as follows:

"And for further plea the said defendants say, that heretofore, to wit: on the 20th day of January, 1863, to wit: at the county aforesaid, the said Enoch P. Fitch, the payee and assignor of the note in writing, in the plaintiff's declaration mentioned, and the said plaintiff accounted together of and concerning the said note, and the sum therein mentioned and contained, and of and concerning payments made to the said plaintiff of and concerning the said sum in said note mentioned and contained, and the said plaintiff then and there made a statement of said accounting, in writing, as follows:

### STATEMENT OF NOTES OF E. P. FITCH AND OTHERS.

To note of Isaac Scott, A. C. Dorsey, Geo.
D. Evans, Geo. W. Dorsey, Sr., and Wm.
Lazier, dated November 11th, 1859; due,
November 11–14, 1860,    -    -    -    - $ 3,500 00

Interest to May 6th, 1861,    -    -    -    -    210 10
Protest, -   -   -   -   -   -   -   -   1 44

May 6th, 1861, note of E. P. Fitch, dated May
6th, 1861, payable to order of Geo. D.
Evans. Endorsed.—Geo. D. Evans, A. C.
Dorsey, Isaac Scott, Geo. W. Dorsey, Sr.,    3,000 00
Interest, -   -   -   -   -   -   -   -   35 80

                        $5,747 24
January 20th, 1862, to eight months interest, -    459 75
Two Protests, -   -   -   -   -   -   -   3 06

                        $6,210 06
Cr. January 20th, 1862, cash,    -    -    -    4,000 00

                        2,210 06
March 1st, 1862, interest to date,    -    -    -    30 28

                        2,240 d4
Interest to January 20th, 1863,    -    -    -    228 70

                        $2,469 34
By cash, -   -   -   -   -   -   -   -   238 76

                        $2,230 28
Cash, -   -   -   -   -   -   -   -   28

                        $2,230 00

"Received of E. P. Fitch, his note, at four months, for
twenty-two hundred and thirty dollars, dated January 20,
1863, payable at my office, No. 26, Wood St., Pittsburgh,
Pa., the original notes left in my hands as collaterals.

" Which said statement was then and there subscribed by the said plaintiff, with his own proper hand, by the name of T. H. Nevin, meant and intended for the name of him, the said plaintiff, and the said defendants own that the said several sums of money, in said statement mentioned, as credits, to wit: the sum of 1,000 dollars, the sum of 4,000 dollars, the sum of 238 dollars and 76 cents, and the sum of 28 cents, were paid to the plaintiff in manner and form, and at the several times, as in the statement is alleged. Whereupon the said defendants say that the debt in the declaration mentioned, hath been fully paid off to said plaintiff, and of this they put themselves upon the country."

The second plea averred that in accounting between the plaintiff and Fitch, the certain other note for 3,000 dollars, mentioned in the statement above, was accounted, and that the credits mentioned in the statement were applicable to the note sued on. The third plea averred that upon the whole accounting there was due the plaintiff 2,230 dollars, for which Fitch executed his note, which the plaintiff accepted and received in the stead of the note sued on, holding the other notes as collaterals, whereby the plaintiff obliged himself to pursue Fitch first, before he could resort to the collaterals; and that Fitch was solvent at the time the 2,230 dollar note became due, and it could have been collected by the use of due diligence, which was not so done or attempted.

The fourth plea averred that the note sued on was made for the accommodation of Fitch alone, and that upon accounting, the sum above stated was found due to the plaintiff, and by accepting the individual note of Fitch for the same, he was barred from collecting the note sued on for the space of four months, and that, by operation of law, the defendants were released from the obligation of the note sued on. The fifth plea averred that the plaintiff having received divers payments on the note sued on, and on the other note in the statement mentioned, did, on the 20th of January, 1863, receive Fitch's note for the balance due, and held the notes in the statement mentioned as collaterals, whereby the

defendants were only liable in the event of the default of Fitch to pay the note given at the latter date, nor could the plaintiff recover the note sued on until after due diligence had been used to collect the same, and that the same had not been used, but the note was still uncollected and suit had not been brought thereon; and that at the time the same became due Fitch was solvent and fully able to pay it. At the same term a trial was had on the first, second, third, fifth and seventh pleas, as follows *nil debit*, payment before notice of assignment, payment after notice of assignment, satisfaction, by reason of acceptance of Fitch's note of 2,230 dollars, and that the money was loaned at a greater rate of interest than allowed by law. The only evidence in the cause was the note introduced by the plaintiff, the statement above given, which was admitted to be in the handwriting of Fitch and signed by the plaintiff, and the testimony of J. J. Fitch, brother of E. P. Fitch, who testified that he did not know the date of the assignment of the note sued on, to the plaintiff, introduced by the defendants. The plaintiff demurred to the evidence and the jury found a verdict for the sum of 2,230 dollars, with interest from January 20th, 1863. The court sustained the demurrer and refused to set the verdict aside, and gave judgment against the defendants.

The defendant Lazier brought the case here on a writ of supersedeas.

*Keck* and *Haymond* for the plaintiff in error.
*Richardson* and *Jones* for the defendant in error.

MAXWELL, J. The first cause of error assigned is, that the court erred in allowing the plaintiff to withdraw the issues on the 4th, 5th and 8th of the pleas first filed.

No good reason has been advanced, nor is it easy to imagine one, why the defendant was or could have been prejudiced by allowing the plaintiff to withdraw the issues. No surprise could have been occasioned to the defendant on

the trial because the cause was not tried at that term, and the pleas themselves were all bad.

The second and third causes of error assigned are, that the court erred in sustaining the demurrer to the 4th, 6th and 8th pleas first filed, and to the five pleas last filed.

The pleas demurred to are in substance the same, and will, therefore, be considered together.

In the case af *Roads* vs. *Barnes*, 1 Burrows, 9, it was held that a promissory note cannot be pleaded in bar to an action upon a simple contract.

In the case of *Cole* vs. *Sackett, &c.*, 1 Hill, 516, the same rule was maintained and pleas similar to the pleas in the case under consideration were held bad on demurrer. So that upon the authority of these cases the demurrer to the pleas was properly overruled.

The next cause of error assigned is the action of the court in sustaining the demurrer to the evidence.

The memorandum of Nevin, made part of the defendant's evidence, shows that on a settlement between Fitch and Nevin, Fitch was indebted to Nevin in the sum of 2,230 dollars, for which he executed his note to Nevin at four months, bearing date January 20th, 1863, and left the note sued upon, and another note, in Nevin's hands as collaterals. The plaintiff here insists that Nevin was not entitled to a judgment on this evidence, because it does not show that he ever returned, or offered to return, or deliver up to any one the Fitch note for 2,230 dollars.

It is well settled that in a suit against a party, when it appears that he has executed to the plaintiff a subsequent note for the same debt, while the subsequent note is no bar to the suit, the plaintiff cannot recover without producing or accounting for the subsequent note. *Cole* vs. *Sackett*, 1 Hill, 516; *Lobey* vs. *Barker*, 5 Johns., 68; *Alcock* vs. *Hopkins*, 6 Cush., 484. But such cannot be the rule in a case like this, where a debtor obtains money for which he executes his own note, and, as a further security, places in the hands of the creditor a note on a third party.

It is hard to perceive what right the debtor in the collateral could have to control, in this case, the Fitch note. The creditor could pursue all his securities at the same time, but of course could have but one satisfaction. It certainly can make no difference to Lazier whether a judgment be obtained against him by the assignee, Nevin, or by Fitch, and nothing in respect to the Fitch note, short of its satisfaction, would be sufficient to prevent a recovery by Nevin. The question of usury in respect to the Fitch note cannot arise in this case, as the plea of usury applies only to the note sued on.

As to the application of payment insisted on in argument, the evidence shows that the settlement filed as part of the evidence was between Nevin and Fitch, in which Fitch is charged with the amount of two notes, the note sued on and his own note, for 3,000 dollars, endorsed by other parties, and if the application of the payments was still an open question, it would be proper to apply them to his own note, as has been shown already.

There can be no good ground for a new trial, as the evidence was sufficient to warrant the judgment on demurrer.

Upon the whole case I am of opinion that the judgment complained of will have to be affirmed, with damages and costs to the defendant in error.

The President concurred.

JUDGMENT AFFIRMED.