## CHARLESTON.

Post *el als v.* W. H. Bailey & Co. *et al.*

Submitted September 3, 1909.    Decided December 20, 1910.

1. Abatement and Revival—*Another Action Pending—Action on Notes—Suit to Enforce Lien.*

   A creditor who holds a note secured both by personal endorsement and by a vendor's lien on land conveyed to the principal debtor, may proceed at law on the note, and in equity for the enforcement of his lien, at the same time, until he obtains satisfaction in one forum or the other.

2. Principal and Surety—*Enforcement of Judgment Against Surety—Injunction.*

   Equity will not enjoin the collection of an execution levied upon the property of the surety, on the sole ground that the creditor is proceeding in equity to enforce his lien on the lands of the principal debtor for the same debt.

Appeal from Circuit Court, Lewis County.

Suit by George L. Post and others against W. H. Bailey & Co. and others. Decree for defendants, and plaintiffs appeal.

*Reversed and Remanded.*

*W. G. Bennett* and *Edward A. Brannon,* for appellants.

*Brannon & Slathers,* for appellees.

Williams, Judge:

On the 5th of November, 1907, G. L. Post and W. L. Post conveyed to W. H. Bailey 256 acres of land in Lewis county in consideration of $6,000, evidenced by four notes payable as follows: $2,500 payable in five months and twenty-five days; $1,200 in one year; $1,150 in two years; and $1,150 in three years, all of which were secured by a vendor's lien. W. E. Mick and W. B. Mick, partners as Mick & Son, were sureties on the $2,500 note. W. L. Post and G. L. Post recovered a judgment at law on the 13th day of July, 1908, against W. H. Bailey, the principal, and Mick & Son, the sureties, on said first note for $2,615.38 and $14.97 cost. On the 17th of March, 1909, execution was issued and levied upon the goods and chattels

of Mick & Son. At the time of the levy of this execution a suit in equity was pending in the circuit court of Lewis county brought by G. L. and W. L. Post against W. H. Bailey, Mick & Son, and others, for the purpose of enforcing the vendor's lien, but no decree of sale had been made. At the time of the filing of the bill the first and second purchase money notes only were due. Plaintiffs allege the recovery of a judgment on the first note, and also that there has been no satisfaction of it, and pray that the same may be declared a vendor's lien on the land, and that a sale of the land be had to satisfy the purchase money notes then due, and that provision be made for the payment of the other notes as they fall due. Mick & Son filed a cross-bill and answer averring their suretyship for W. H. Bailey, and praying for an injunction to stay the collection of the execution until the vendor's lien could be enforced against the land of their principal. To this answer and cross-bill G. L. and W. L. Post filed an answer and special reply to which Mick & Son replied generally. On the 30th of May, 1909, the judge of the circuit court of Lewis county, in vacation, granted a temporary restraining order, inhibiting plaintiffs from collecting the execution until further order of the court, and provided in the order that such stay of execution should not invalidate or affect the lien acquired on Mick & Son's property by virtue of said execution and its levy. On the 7th of June, 1909, in special term, a motion to dissolve the injunction was overruled; and from this decree Post and Post have appealed.

No proof was taken, and the facts material to a decision of the case are admitted by the pleadings. The allegation in the cross-bill of Mick & Son that the land is of sufficient value to pay all the purchase money notes is denied by the Posts in their answer and special replication. But in the present aspect of the case this fact is not material.

The record presents the following legal question, viz: Will a court of equity, at the instance of a surety, stay the hand of the creditor and require him to first resort to his lien on the lands of the principal debtor before enforcing his remedy at law against the surety? Generally it will not. He must show some other ground for equitable interference, than the simple fact that the creditor holds additional security from the principal for the same debt; such, for instance, that the creditor

has released the particular security, or has dealt with it in such a way as to materially affect the rights of the surety. Because, on payment of the debt by the surety, he is entitled to be subrogated to the rights of the creditor; and for the protection of such rights, equity regards the creditor as trustee for the surety as regards any collateral securities which he holds for the debt. 1 Brandt on Suretyship, section 496; *Bank* v. *Parsons,* 42 W. Va. 137.

But we are of opinion that Mick & Son have shown no grounds for equitable interference in the proceeding at law. The creditors had the right to satisfaction of their execution, notwithstanding they were, at the same time, proceeding to enforce their lien in equity. Both forums were open to them and they had a right to proceed in either, or both at once, until satisfaction, which, of course, they are entitled to but once. A court of law regards the surety as a co-obligor with his principal, and, in the absence of any statutory restrictions, the creditor has the same rights against the surety that he has against the principal debtor. *Warren* v. *Branch,* 15 W. Va. 21; *Bank* v. *Good,* 21 W. Va. 455; *Riley* v. *Jarvis,* 43 W. Va. 43.

No other ground for equitable interference in this case is shown than that the creditor is seeking to enforce his lien for the debt at the same time that he is proceeding to collect by execution, and this is not enough. "A creditor having two different remedies, or two sets of obligors bound for his debt, may proceed against both at the same time, although he is entitled to but one satisfaction." *Asberry's Admr.* v. *Asberry's Adm'r. et al,* 33 Grat. 463; *Carter* v. *Hamptons Adm'r.,* 77 Va. 631; 2 Min. Inst. 306-317; 4 Kent Com. 183; *Armstrong* v. *Poole,* 30 W. Va. 666; *Very* v. *Watkins,* 18 Ark. 553; *Lazier* v. *Nevin,* 3 W. Va. 622; 1 Lomax Dig. 397; *Priddy* v. *Hartsook,* 81 Va. 67; *Ober* v. *Gallagher,* 39 U. S. 199.

Says Chancellor Kent in *Jones* v. *Conde,* 6 John. Ch. 78: "The rule is settled, that a mortgagee may sue, at the same time, at law upon his bond, and in this Court upon his mortgage. The case of a mortgagee forms an exception to the general rule, that a party shall not be allowed to sue at law, and here, at the same time, for the same debt. The one remedy is in *rem,* and the other in *personam;* and the general rule to which this case is an exception, applies only to cases where the demand at

law and in equity are equally personal, and not where the cumulative remedy is in *personam,* while the other remedy is upon the pledge."

"Where the negotiable obligation of the debtor is secured by a deed of trust, a personal suit upon the note may be prosecuted at the same time, as the trustee exercises his power of sale under the deed. Nor does it affect the right of the indorsee to enforce the mortgage or deed of trust security that the note has been merged into a judgment. So long as the judgment remains unsatisfied, the debt is unpaid, and the principal remaining, the mortgage lien is not merged, but is transferred from the note to the judgment." Colebrooke on Collateral Securities, section 154.

This seems to be the general rule prevailing in all the states except those which have enacted statutes for the protection of sureties. Many of them have enacted such statutes, requiring the creditor, where he holds other security of the principal, to exhaust it before going on the property of the surety; or, in case he has obtained judgment and execution against both principal and surety, to collect the execution first out of the property of the principal. Such statutes have the effect, for some purposes, to convert a common law surety into a guarantor. And under the common law a guarantor is only secondarily liable. Before a guarantor can even be sued, it must appear that the creditor's remedy against his principal has been exhausted, or is unavailing. But in this state the surety is still primarily liable, as he was at common law.

We have examined many of the cases from other states, cited in the very able brief of counsel for appellees, as well as other cases cited in the text books, and we find that the decisions in those cases are made to depend either upon the statutes of the particular states, or upon some equity in favor of the surety growing out of the particular circumstances of the case. In many of the states also, execution is leviable on lands; but it is otherwise in this State and in Virginia. It is true that, in case a creditor is seeking the enforcement of his lien against the lands of both the principal and surety, all parties being before the court, equity will sell first the lands of the principal, provided it does not unreasonably delay the creditor in the collection of his debt. But this is to do complete justice and prevent cir-

cuity of action and multiplicity of suits. *Horton* v. *Bond, 28* Grat. 815; *Bank* v. *Bates et als,* 20 W. Va. 210; *Bank* v. *Parsons,* 42 W. Va. 137; *Wilson et al* v. *Carrico et al,* 50 W. Va. 336; *Alderson* v. *Alderson,* 53 W. Va. 387.

The decree complained of will be reversed, the injunction dissolved, the cross-bill dismissed, and the cause will be remanded for further proceedings therein to be had.

*Reversed and Remanded.*