WILLIAM EDGERTON, PLAINTIFF IN ERROR, v. A. H. WACHTER, DEFENDANT IN ERROR.

**Statute of Limitations.** Cause of action arose in the state of Iowa, where defendant then resided with his family. But he carried on a business at the city of Plattsmouth, in this state, and was personally present at Plattsmouth nearly every day for about three years, when he moved with his family to Plattsmouth, and continued to reside there. Suit commenced after the expiration of four years—in contract, not in writing. Plea of the statute of limitations. *Held,* that the statute commenced to run at the time of the defendant's removal with his family into this state.

ERROR from Cass county district court.

*T. M. Marquett,* for plaintiff in error.

*Sam. M. Chapman,* for defendant in error, cited *Carpenter v. Wells,* 21 Barb., 594. *Gans v. Frank,* 36 Barb., 320. Voorhies' Code, sec. 100, note "d." *Basset v. Basset,* 55 Barb., 505. *Cole v. Jessup,* 10 N. Y., 96 and 107. *Burroughs v. Bloomer,* 5 Denio, 534. *Cole v. Jessup,* 10 How. Pr., 527. *Cook v. Holmes,* 29 Mo., 61. *Johnson v. Smith,* 43 Mo., 499.

COBB, J.

This case turns upon the construction of the provisions of the statute commonly called the Statute of Limitations. Section 11, of title II., chap. 57, General Statutes, provides that an action upon a contract not in writing, express or implied, shall be brought within four years. Section 20 is in the following language: "If when a cause of action accrues against a person, he be out of the state, or shall have absconded or concealed himself, the period limited for the commencement of the action shall not begin to

run until he come into the state.  *  *  *" I understand the above language to mean the same as though it read: "If when a cause of action accrue against a person, he *reside* out of the state," etc., and " the period limited for the commencement of the action shall not begin to run until he come to *reside* in the state," etc.

As I understand the bill of exceptions, the cause of action accrued in the state of Iowa. The plaintiff in error at that time resided in Iowa, and continued to reside in Iowa until about one year before the commencement of the suit, when he moved with his family into the city of Plattsmouth, Nebraska; but that during all of said time plaintiff in error had carried on business at Plattsmouth, and was almost daily in attendance at his lumber-yard there; all of which was well known to the defendant in error, who resided at Plattsmouth, and saw and conversed with plaintiff in error almost daily, etc.

The cause of action arose in the state of Iowa; the statute of limitations commenced to run on it there, and, notwithstanding the daily trips of the plaintiff in error across the Missouri river, and out of the state of Iowa, it continued to run until he moved with his family out of the state. During all of said time, notwithstanding his repeated personal absences from the state of Iowa, he had a last and usual place of abode there, where process could have been served on him, although he was personally absent. But during none of this time had he a last and usual place of abode or residence in Nebraska, although he was generally there during business hours. I do not think that the statute of limitations could be running on the same cause of action in two different states at the same time; and if I am not mistaken in this view, then it necessarily follows that it did not commence to run upon the

cause of action in this case until the removal of the plaintiff in error with his family to the city of Platts-mouth about a year before the commencement of the action.

For aught that appears in the record the order of the district court denying a new trial was correct, and the judgment must be affirmed.

JUDGMENT AFFIRMED.

MAXWELL, CH. J., having been of counsel, and LAKE, J., having sat in the court below at the trial of this cause, the cause was by consent of parties submitted to COBB, J.