Edgerton, C. J.
This was an action brought in the First District for Lawrence county by the respondent against the appellants. The complaint alleges* that the plaintiff is a corporation duly organized under the laws of Iowa; that at Salt Lake City, Utah, on March 1,1875, the defendants duly executed their promissory note to the plaintiff, promising to pay the plaintiff $700, witli interest at 1 per cent, per month, on or before nine months after date; that *235 no part of tlie note has been paid, and that there is now due and owing the plaintiff from the defendants on said note, $700, and interest at 1 per cent, per month, since March 1, 1875.
The answer denies, ‘upon information and belief, that the plaintiff is a corporation. The answer admits the execution of the note but alleges that it has been fully paid; that one of the defendants gave the plaintiff a trust deed to certain property in Salt Lake City of the value of $1,200, to secure the payment of the note, which defendants are informed and believe has .been sold and proceeds applied to the payment of the note to its full amount and interest. The answer further alleges that if said corporation ever existed it has been dissolved. The answer contains the following allegations: “ The defendants further say, that the pretended indebtedness upon “ the promissory note set forth in the complaint, if any was con- <£ tracted, it was in the city of Salt Lake, in the Territory of Utah, ££ and that by the laws of said territory, the same is barred by the “ statutes of limitations of said Territory of Utah, and by the laws ££ of the Territory of Dakota; that the said Peter Matthiessen ££ resided in Salt Lake City for more than three years after the ££ said note became due and payable.” There was no reply.
After the evidence was all in the Court instructed the jury to return a verdict for the amount of the note and interest. To which the defendants excepted. The jury returned a verdict for the plaintiff for $1,267. A motion was made by the defendants for a new trial, which was denied, and judgment rendered for the plaintiff in accordance with the verdict of the jury. From which judgment the defendants appeal to this court.
The only questions urged in this court are — -first, that the court below should have denied the motion of the plaintiff to instruct the jury to find a verdict for the plaintiff; and, second, that the plea of the' statute of limitations should have been submitted to the jury as a question of fact.
Examining these propositions in the inverse order in which they *236 were presented, by the Code of Civil Procedure of this territory, when the answer contains new matter constituting a counter claim, a’reply is necessary to put in issue such new matter; but unless the new matter set up in the answer constitutes a counter claim, then no reply is necessary, unless ordered by the court.
This action was commenced within six years from the maturity of the note. It does not appear what the laws of Utah are upon this question, but assuming that by the laws of that territory the limit for bringing actions upon contracts of this kind to be three years, what will be the effect on this action? In Townsend v. Jennison, in 9 Howard, p. 420, the Supreme Court of the United States lays down the rule, “ that the obligations of the contract “ upon the parties to it, except in well known cases, are to be ex- “ pounded by the lex loei eontraetus. Suits brought to enforce “ contracts, either in the state where' they were made, or in the “ courts of other states, are subject to the remedies of tho forum “ in which the suit is, including that of statutes of limitations.”
In reference to the nature of the plea of the statute of limitations, the same court says in McElmoyle v. Cohen, 13 Peters, p. 327: “ Is it a plea that settles the right of a party on a contract or judg- “ ment, or one that bars the remedy? Whatever diversity of “ opinion there may be among j urists upon this point, we think “ it well settled to be a plea to the remedy, and consequently that “ the lex fori must prevail.”
In the case before us the statute of limitations had not commenced to run in this territory, and there was no fact in reference to the same to be submitted to the jury. The execution of the note was admitted in the pleadings. The evidence showed that plaintiff was an incorporation.
The only remaining question is, whether the Court was justified in directing a verdict for the plaintiff. The burden was upon the defendant to establish his plea of payment by competent proof. *237 It appears by the evidence that the only payment ever claimed to be made upon the note was that a trust deed upon certain property in Salt Lake City was made by Nicolai C., one of the defendants, to Peter Matthiessen, the other defendant, and by him assigned to the plaintiff as collateral security for this note. The giving of security, either by mortgage or trust deed, was not a payment of the note, nor is it a defense in an action brought on the note, only so far as the security may have been paid to the holder of the note. There is no evidence that this security or any part thereof has ever been paid 1o the plaintiff or his agent.
There seems to have been an attempt to prove that the property on which the trust deed was given, was turned over to the plaintiff and that the note was to be surrendered. One of the defendants testifies that he went to the plaintiff’s agent, one Lowe, at Salt Lake City, and offered to turn over the property to him, and brought the tenant who occupied the property, and told him plaintiff’s agent would thereafter collect the rent on the property.’ But at the very outset the agent told the defendant he did not have the papers; that “ they toole them along with them to Cedar Hop-ids, Iowa.”
It no where appears that the plaintiff has ever received any rent or otherwise used the property. There is no proof that Lowe professed to have any power to satisfy the debt, or that the same was within scope of his authority. There is no attempt to prove that the plaintiff ever accepted this offer or ever ratified the alleged acts of the agent in reference thereto. We have failed to find any competent evidence to support the plea of payment, or at least not sufficient to warrant a verdict for the defendant upon this issue.
The rule laid down by the Supreme Court of the United States in Commissions, etc., v. Clark, reported in 4 Otto, p. 284, seems to be the correct one: “ Decided cases may be found where it “ is held, that if there is a scintilla of evidence in support of a *238 “ case, tbe Judge is bound to leave it to tlie jury; but the mod- “ ern decisions have established a more reasonable rule, to-wit: “ that before the evidence is left to the jury there is or may be “ in every case a preliminary question for the Judge, not literally “ whether there is no evidence, but whether there is any upon “ which a jury can properly proceed to find a verdict for the “ party producing it, upon whom the burden of proof is imposed.”
Upon the whole case we can see no error in the court below in directing a verdict for the plaintiff. The judgment is,
Affirmed.
All the Justices concur.