MINNEAPOLIS HARVESTER WORKS v. A. SMITH.

FILED APRIL 11, 1893.    NO. 5109.

1. **Statute of Limitations:** FOREIGN LAWS. Where a person is a resident of another state when a cause of action accrued against him, and afterwards, but before the debt has become barred by the statute of such state, he becomes a resident of Nebraska, the statute of limitations will commence to run in his favor here from the date of his coming into the state, and not before.

2. ———: ———. In December, 1881, the defendant, a resident of the state of Iowa, gave the plaintiff his promissory note due January 1, 1884, and payable in that state. He removed to Nebraska in 1888, and suit was commenced on the note in this state on July 13, 1891. *Held*, The action was not barred.

3. ——: ——: PLEADING. In pleading the statute of limitations of a foreign state, it is unnecessary to set out in the pleading an exact copy thereof, or to give its title and date of approval. It is sufficient, as against a general demurrer, to allege the substance of the statute relied on.

4. ——: ——: ——. *Held,* That the petition states a cause of action.

ERROR from the district court of Boone county. Tried below before HARRISON, J.

*N. C. Pratt,* for plaintiff in error.

*J. S. Armstrong, contra.*

NORVAL, J.

Plaintiff in error instituted its action in the county court of Boone county, to recover the amount due on a promissory note executed by the defendant in the state of Iowa, on the 16th day of December, 1881. The county court sustained a general demurrer to the petition, and the plaintiff not desiring to amend its petition, the court dismissed the action. The plaintiff prosecuted a petition in error to the district court, where the decision of the county court was affirmed. The petition, omitting the title, is as follows:

"Comes now the plaintiff in the above entitled cause, and complains of the defendant, and alleges :

"First—That said plaintiff was on the 16th day of December, 1881, and still is a corporation, duly organized under the laws of Minnesota.

"Second—That the defendant on the 16th day of December, 1881, made his certain promissory note at Wheatland, Iowa, and delivered the same to the plaintiff; said note is hereto attached, marked Exhibit 'A,' and made a part of this petition.

"Third—That by the laws of Iowa the statute provides that an action of debt on a promissory note may be com-

menced within ten years from the time the cause of action accrued.

"Fourth—That the defendant has resided in the state of Nebraska, since the giving of said note and prior to the commencement of this action, for the space of three years only.

"Fifth—That no part of said note has been paid, and there is now due thereon the sum of $318.75, with interest at the rate of ten per cent per annum from the 16th day of December, 1881.

"Sixth—The plaintiff therefore prays judgment against the defendant for the sum of $624.41, and interest thereon at the rate of ten per cent per annum from the 13th day of July, 1891."

Attached to, and made a part of, the petition is a copy of a promisory note signed by A. Smith, dated at Wheatland, Iowa, December 16, 1881, due on or before January 1, 1884, payable to the order of the Minneapolis Harvester Works, and calling for the sum of $316.74, with interest thereon at ten per cent from date thereof until paid.

The sole question presented for review is whether the petition states a cause of action. Counsel for the defendant not having argued the case orally, or filed a brief in this court, we are not positive that we are apprised of the exact ground upon which the county and district courts decided that the petition was defective. Our understanding is that they held that the statute of limitations had run against the note.

We do not think that the action is barred by the statute of this state. By section 20 of the Code of Civil Procedure it is provided that "If, when a cause of action accrues against a person, he be out of the state, or shall have absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he come into the state, or while he is absconded or concealed; and if after the cause of the action accrues he de-

part from the state, or abscond, or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

This action was instituted on the 13th day of July, 1891, which was more than seven years after the maturity of the note. But it appears from the petition that the cause of action arose in the state of Iowa, and that the defendant had resided in this state only three years prior to the bringing of this suit. Under the provisions of the section quoted, the statute of limitations did not begin to run against the note in this state until the defendant moved to Nebraska. Since he had not, when suit was brought, been a resident of the state for five years, the note was not outlawed here. The time the note had run after its maturity, until the defendant moved into the state, cannot be added to the time of his residence here in order to create a bar of the statute. (See *Edgerton v. Wachter*, 9 Neb., 500; *Harrison v. Union National Bank*, 12 Id., 499; *Nicholas v. Farwell*, 24 Id., 180.)

Sections 18 and 21 of the Code read as follows:

- "Sec. 18. All actions, or causes of action, which are or have been barred by the laws of this state, or any state or territory of the United States, shall be deemed barred under the laws of this state.

"Sec. 21. When a cause of action has been fully barred by the laws of any state or country where the defendant has previously resided, such bar shall be the same defense in this state as though it had arisen under the provisions of this title."

If the statute of limitations of the state of Iowa had run in favor of the defendant while he was yet a resident of that state, then, under the provisions of the above sections, this action must fail. We concede that when a party relies upon a statute of another state to make out his cause of action or defense, he must plead the statute upon which

he depends in the same manner he would any other fact. It will be observed that in this case the petition alleges, and the demurrer admits the truth thereof, " That by the laws of Iowa the statute provides that an action of debt on a promissory note may be commenced within ten years from the time the cause of action accrues." Is the foregoing a sufficient pleading of the statute of Iowa? We think the allegations sufficient to authorize proof of the statute of limitations of that state. The averment is not the statement of a mere conclusion, but of a fact. While it is the better, and safer, practice in pleading the statute of another state to set out a copy thereof in the pleading, yet, we think, it is sufficient to allege the substance of the statute desired. That, at least, was done in the case at bar. If the defendant wished a more specific allegation, he should have moved to make the petition more definite and certain.

If the statute of Iowa is insufficiently pleaded, the presumption would then be, until the contrary was made to appear, that the statute of limitations of that state relating to promissory notes is the same as our own, viz., five years. Inasmuch, therefore, as the petition shows that only four years had elapsed between the maturity of the note and the time the defendant moved to this state, the action was not barred at the time he became a resident here.

It follows from what we have already stated that the judgments of the county and district courts must be reversed, the demurrer overruled, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.

THE other judges concur.