## HOWIE v. BRATRUD.

1. A motion to direct a verdict for defendant because the evidence was not sufficient "to show or constitute a cause of action," without stating the specific defects in the evidence, was insufficient.

2. Defendant agreed to pay plaintiff $100 to find a purchaser for his farm at $2,400, the purchaser to receive one-third of the crop. Defendant procured a purchaser who agreed to pay $2,400 for the land, and the renter's share of the crops. There was no evidence as to what constituted the renter's share of the crops, or of the purchaser's ability to pay. *Held*, that the evidence was not sufficient to support a verdict for plaintiff for his commission.

HANEY, J., Dissenting.

(Opinion filed June 12, 1901.)

Appeal from circuit court, Minnehaha county. HON. JOSEPH W. JONES, Judge.

Action by Matthew Howie against Christen C. Bratrud to recover a commission alleged to be due for negotiating a sale of real property. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Bates & Rodge,* for appellant.

*Orr & Rodabaugh,* for respondent.

CORSON, J. The plaintiff commenced this action in a justice's court to recover the sum of $100, claimed to be due him as commission for negotiating a sale of real estate described in the complaint. The action was tried in the justice's court, and appealed to the circuit court, where it was again tried, and verdict and judgment rendered for the plaintiff, and the defendant appeals.

The complaint in substance alleges that a contract was entered into on June 13, 1899, between the plaintiff and the defendant to the effect that, if the plaintiff should find a purchaser for the said lands on the terms therein stated, he was to receive $100; that

plaintiff did, on or about July 18, 1899, find a purchaser on such terms, and that the defendant has not paid the $100, or any part thereof. The answer denied generally and specifically all of the allegations of the complaint.

It is contended on the part of the appellant that the court erred in overruling the motion made by the defendant at the close of the plaintiff's testimony, and renewed at the close of all the evidence, to direct a verdict in favor of the defendant. The respondent insists that the court ruled correctly in denying the motion, for the reason that the appellant did not specify in the motion the alleged errors on which he now relies for a reversal, nor specify the particular grounds for the motion. We are of the opinion that the respondent is right in this contention. At the close of the plaintiff's testimony the defendant moved the court to direct a verdict in favor of the defendant and against the plaintiff, "for the reason that the evidence is insufficient to show or constitute a cause of action." The motion in the same form was renewed at the close of all the evidence. This court has repeatedly held that such a motion is insufficient, in that it fails to point out specifically the grounds upon which the party making the motion relies. In Tanderup v. Hansen, 8 S. D. 375, 66 N. W. 1073, this court used the following language: "Whatever merit there might have been in this point had it been stated in the motion to direct a verdict in the court below, it is not available in this court, for the reason that no such ground was stated in the motion in the trial court. Where such a motion is made, the specific ground upon which the motion is made must be stated. It is due to the court and the opposing counsel that their attention should be called to the precise defect in the evidence or the omission of evidence that the party claims entitles him to the direction of the verdict. It is due to the

court to enable it to pass understandingly upon the motion, and it is due to counsel that he may, if possible, supply the defect or omitted evidence, if permitted to do so by the court." Longley v. Daly, 1 S. D. 257, 46 N. W. 247; Wagon Co. v. Matthiessen, 3 Dak. 233, 14 N. W. 107; Peet v. Insurance Co., 1 S. D. 462, 47 N. W. 532; Haugen v. Railway Co., 3 S. D. 394, 53 N. W. 769; Alt. v. Railway Co., 5 S. D. 20, 57 N. W. 1126; Irrigation Co. v. Hawley, 7 S. D. 229, 63 N. W. 904.

It is further contended on the part of the appellant that the evidence is insufficient to justify or sustain either the charge of the court, the verdict, or the judgment, for the reasons specified in the specifications of error contained in the bill of exceptions; and that neither the verdict nor the judgment are sustained or justified by the charge of the court, and the verdict and judgment are each against the law. In the specifications of errors in the bill of exceptions which was used on the motion for a new trial the appellant specifies, among others, the insufficiency of the evidence to justify or sustain the verdict in that: "There is no evidence to show that the plaintiff at any time found or procured a purchaser of the land in question, who at any time was ready, willing, and able to purchase such land for the price and on the terms and conditions stipulated in the alleged agreement between the plaintiff and defendant; nor does the evidence show that the plaintiff at any time accepted any offer made by any one for the purchase of said land, nor that any bargain for the sale of said land was closed by the plaintiff, either before or after the defendant changed the price and terms. There is no evidence to show that the plaintiff had found or procured a purchaser for said land who was ready, willing, and able to purchase said land for the said alleged price and on said alleged terms and conditions at any time before or after the defendant notified the

plaintiff of his cancellation and change of said terms and conditions, nor that he had ever notified the defendant that he had found such purchaser, nor that he had brought such alleged purchaser to the defendant at any time before the terms of sale were changed by the defendant. There is no evidence to show that the plaintiff at any time found or procured a purchaser for such land who at any time was either ready, willing, or able to purchase said land for the said price and on the terms and conditions imposed in his alleged agreement with the plaintiff. The evidence, on the contrary, shows conclusively that the defendant changed the terms and price of sale of said land before the plaintiff had found a purchaser ready, willing, and able to make the purchase on the alleged original price or terms." If the appellant is correct in these specifications of error, it is quite clear that he was entitled to a new trial. It may be regarded as settled law that, before an agent employed to procure or find a purchaser for real estate can recover an agreed compensation for his alleged services, he must show by competent evidence that he has found a purchaser for such real estate who is at the time ready, willing, and able to purchase such real estate on all the terms and conditions imposed by the owner in his contract with such agent, and has brought such person to the owner. McLaughlin v. Wheeler, 1 S. D. 497, 47 N. W. 816; Scott v. Clark, 3 S. D. 486, 54 N. W. 538; Welch v. Young, (Iowa) 79 N. W. 59; Blodgett v. Railway Co., 63 Iowa, 606, 19 N. W. 799; McGavock v. Woodlief, 20 How. 221, 15 L. Ed. 884; Ford v. Eesley, 88 Iowa, 603, 55 N. W. 336. It is contended on the part of the appellant that there is no evidence in this case showing that the plaintiff ever found a purchaser ready, willing, and able to purchase the defendant's property upon the terms specified by him. The plaintiff, in his testimony, stated the contract as follows: "He gave me a piece of land in Grand Mead-

ows township to sell for $2,400, and agreed to throw in one-third of the crop and give me $100 commission, and take one-third cash payment for the land. I finally obtained a purchaser for the land: The party agreed to pay one-third cash, and give a mortgage back, running five years, at 6 per cent. This party was Mr. A. E. Halstead." The alleged purchaser, Mr. Halstead, testified: "Afterwards, and with Mr. Howie, I went to Mr. Bratrud's office. * * * I made him an offer on the land. That offer was $2,400, I believe, the crop running with it. Q. That it one-third? A. Whatever the lease called for." The plaintiff, again testifying upon this subject, says, speaking of the time he went to see defendant after he had received the alleged offer from Halstead: "I pulled this paper out, and gave it to him, and told him I had sold the land, including the renter's share of the crops. He said he would not let the crops go. * * * We told him his money was ready for him on the basis of $2,400 with the renter's share of the crops." It will be noticed by the contract between the plaintiff and the defendant that the price was $2,400, one-third cash, and two-thirds on mortgage at 6 per cent, one-third of the crop to go with the land; but nowhere is it stated either by the plaintiff or Halstead that Halstead was to pay $2,400, one-third cash, two-thirds on mortgage at 6 per cent., and accept one-third of the crop. What the renter's share of the crop was, or the share called for in the lease, is nowhere shown by the evidence; hence it will be seen Halstead never agreed to the terms proposed by the defendant. Neither the court below nor this court is at liberty to speculate as to what the interest of the renter or the lessee was in the crop. Neither is there any evidence that Halstead was able to purchase the property. A plaintiff who seeks to recover under such a contract, especially where no sale has been consummated, must show that he had a purchaser ready, willing and able

to take the property upon the terms proposed by the seller and to comply with all those terms. · It is not sufficient for him to show that he has a purchaser ready and willing to take the property upon a part of the terms proposed by the seller.

After a careful examination of the record in this case, we are unable to discover any evidence proving or tending to prove that Halstead ever offered at any time to the plaintiff or the defendant to take the property upon the terms specified by the defendant, for the reason that he never agreed to accept one-third of the crop with the real property, and pay the stipulated amount therefor, and there was no evidence of his ability to purchase the property. The verdict of the jury, therefore, is not supported by the evidence, and the judgment and order denying a new trial are reversed, and a new trial ordered.

HANEY, J., dissenting.