MCCONNELL *et al.* v. SPICKER.

1.  In an action on a note, a statement in the answer that the cause of action "did not accrue within six years before the commencement of the action" is a good plea of the statute of limitations.

2.  Under Comp. Laws, §§ 4850, 4859, providing that an action on a note must be commenced within six years from the time it is due, unless the maker is absent from the state, in which case action may be commenced within six years after his return, the maker of a note executed in another state, who subsequently moves to South Dakota, should be regarded as absent from the state during the time elapsing after the note is due and before removing to South Dakota, so that, where six years has elapsed since the note become due, but not since the maker's coming into the state, an action on the note is not barred.

(Opinion filed October 2, 1901.)

Appeal from circuit court, Roberts county. HON. A. W. CAMPBELL, Judge.

Action by S. R. McConnell and another against F. T. Spicker. From an order sustaining a demurrer to defendant's answer, he appeals. Reversed.

The facts are stated in the opinion.

*T. M. Grant* and *Howard Babcock,* for appellant.

Averment that cause of action set forth in the complaint did not accrue within six years of the commencement of this action sufficiently pleads the statute.    Searles v. Knapp et al., 5 S. D. 327.

The statute contemplates a departure from the state (Comp. Laws, 4859) during this time the statute does not run, but there is nothing in the statute that can be construed so as to read that the statute only commences to run from the time the defendant becomes a resident of this state.    Comp. Laws, 4850.

*Barrington & Lane,* for respondents.

We contend that a non-resident is absent from the state, within the meaning of the statute, as well as one who has departed from the state.    The universal construction placed upon such statutes is that they do not run until there may be found within the jurisdiction of the forum a person capable of being sued.    Mason v. Union Mills Paper Mfg. Co., 29 L. R. A. 273-7 Hoyt v. McNeil, 13 Minn. 390; Ruggles v. Keeler, 3 Johns. 261; Parsons Cont. §§ 96 and 97.

When a party relies upon the statute of another state he must plead the statute upon which he depends in the same manner he would any other facts.    Minn. Harvester Works v. Smith, 54 N. W. 973; Alspaugh v. Reid, 55 Pac. 300.

FULLER, P. J.    Answering the complaint in this action on a promissory note, the defendant, omitting formal parts, "alleges that the cause of action contained in plaintiffs' complaint did not accrue within six years before the commencement of this action."    Whether the court was justified in sustaining a demurrer to such answer is practically the only question essential to a determination of this appeal.    The defense being a personal privilege, which is waived unless properly asserted, the party in favor of whom our statute of lim-

itations has run must plead it by way of answer in order to secure the immunity afforded. Section 4833 of the Compiled Laws expressly provides that "the objection that the action was not commenced within the time limited can only be taken by answer." Dielmann v. Bank, 8 S. D. 263, 66 N. W. 311. In the case of Searles v. Knapp, 5 S. D. 325, 58 N. W. 807, 49 Am. St. Rep. 873, an answer in identical language was held sufficient to appraise the plaintiff that the defendant relied upon the bar of the statute. Independently of a statute requiring the point to be raised by answer, and for reasons most cogent, the general rule is that the bar must, in some appropriate way, be pleaded by a defendant who intends to take advantage of the limitation, even though the complaint clearly shows that the full period within which the action may be brought has elapsed. 13 Enc. Pl. & Prac. 184; Sands v. St. John, 36 Barb, 628; State v. Spencer, 79 Mo. 314; Thompson v. Packer, 68 Ala. 387. It expressly appears from the complaint that appellant executed the note in the state of Minnesota on the 7th day of April, 1892, and permanently removed therefrom immediately, and before a cause of action had accrued; that by the constant exercise of due diligence respondents were unable to find appellant until the spring of 1899, when they discovered that he had been for some time in Wisconsin, and, removing from that state, had finally settled at Sisseton, in this state, on or about the 1st day of May, 1897, where he has at all times since resided and conducted business in the name of M. C. Spicker & Co. This action was commenced on the 1st day of May, 1899, and there is nothing to indicate that the statute of another state has run against the claim. If the complaint be true, a question likely to arise in the case is whether in this forum respondents have lost their remedy by the lapse of time. As the law of the state where a contract is made governs its construction, and that of the state where the remedy is

sought prescribes the terms of its enforcement, it is settled, in this jurisdiction and universally, that questions arising on the statute of limitations affect the remedy merely, and not questions relating to the merits. Wagon Co. v. Matthiessen, 3 Dak. 233, 14 N. W. 107. Concerning statutes of limitation Judge STORY says: "The object of them is to fix certain periods within which all suits shall be brought in the courts of a state, whether they are brought by or against subjects or by or against foreigners. And there can be no just reason and no sound policy in allowing higher or more extensive privileges to foreigners than are allowed to subjects." Story, Confl. Laws, 718. Under our provisions an action on a promissory note must be commenced within six years from the time it became due and payable unless the maker is absent from this state when the cause thus accrued; and in that event such action may be commenced any time within six years after his return. Comp. Laws, §§ 4850-4859. To effectuate the general intention of the legislature, a liberal construction must be applied to all its enactments, and while, strictly speaking, this debtor has never returned, his case is clearly within the spirit of the foregoing statute, which did not commence to run in his favor until he came within the jurisdiction of our courts. Hoyt v. McNeil, 13 Minn, 390 (Gil. 362); Mason v. Manufacturing Co. (Md.) 32 Atl. 311, 29 L. R. A. 273, 48 Am. St. Rep. 524; Bulger v. Roche, 22 Am. Dec. 359; Chevrier v. Robert, 6 Mont. 319, 12 Pac. 702; Townsend v. Jemison, 9 How. 407, 13 L. Ed. 194; Ruggles v. Keeler, 3 Johns, 263, 3 Am. Dec. 482; Harrison v. Bank (Neb.) 11 N. W. 752; Olcott v. Railroad Co., 20 N. Y. 210, 75 Am. Dec. 393; Edgerton v. Wachter, 9 Neb. 500, 4 N. W. 85; Harvester Works v. Smith (Neb.) 54 N. W. 973; Byrne v. Crowninshield, 17 Mass. 55. In Ruggles v. Keeler, *supra,* the question was whether the New York statute of limitations had run against a demand contracted

102          McConnell *et al. v.* Spicker.

Opinion of the Court—Fuller. P. J          [15 S. D.

in Connecticut when both the parties were citizens of that state and the case called for the construction of a statute, which, like ours, provides that if the debtor, at the time the cause of action shall accrue, be out of the state, the suit may be brought within the time limited after the return of such person into this state. After showing by reference to numerous well-considered cases, based upon statutes similar to ours, that an action may be brought within the limited time, although the party had never been in the state before, Chancellor Kent, speaking for the court, says: "Whether the defendant be a resident of this state, and only absent for a time, or whether he resides altogether out of the state, is immaterial. He is equally within the proviso. If the cause of action arose out of the state, it is sufficient to save the statute from running in favor of the party to be charged until he comes within our jurisdiction. This has been the uniform construction of the English statutes, which also speak of the return from beyond seas of the party so absent. The word 'return' has never been construed to confine the proviso to Englishmen who went abroad occasionally. The exception has been considered as general, and extending equally to foreigners who reside always abroad." Evidence of the material averments with reference to the maturity of the note and residence of appellant in this state is admissible under the pleadings, and, if the allegations of the complaint be established by competent proof, the operation of the statute will be avoided. By pleading the statute of limitations in the only manner allowable in this state, appellant exercised his privilege to rely upon that defense alone, and is entitled to introduce in support of his answer such evidence as he may be able to produce tending to prove "that the cause of action contained in respondents' complaint did not accrue within six years before the commencement of this action."

As the ruling of the trial court on respondents' demurrer to

such answer is erroneous, the order appealed from is reversed, and the case remanded for further proceedings consistent herewith.