FORGARD, Respondent, v. BARTHOLD, Appellant.

(205 N. W. 703.)

(File No. 5277. Opinion filed October 28, 1925.)

1. **Animals—Trial—Evidence—Value of Feeding Cattle Held Question for Jury.**

   In action or oral contract for feeding cattle, where amount of hay and corn fed and value thereof were in dispute, such questions should have been submitted to jury and directing verdict for plaintiff was error.

2. **Account Stated—Trial—Jury—Testimony Held to Make Question of Whether There Was Account Stated One of Fact for Jury.**

   In action or oral contract for feeding cattle, in which plaintiff claimed certain amount on account stated, in view of testimony of plaintiff that he did not know how much was paid to hired man, which was to be deducted from certain sum agreed to be paid plaintiff, question of whether account was stated was one of fact for jury.

3. **Account Stated—Evidence—Discussion of Settlement of Amount Due Under Contract Held Not to Constitute Account Stated.**

   Where parties to contract for feeding cattle discussed settlement thereunder, and each did his own figuring and did not arrive at any definite conclusion as to amount due, an account was not stated.

4. **Trial—Verdict—Motion for Directed Verdict on Ground That Defendant's Evidence Did Not Support Any Defense Sufficient to Support Verdict for Defendant Held Not Sufficient For Court to Sustain Motion.**

   In action on contract for feeding cattle, plaintiff's motion for directed verdict on ground that undisputed evidence showed that plaintiff was entitled to recover certain sum, abandoning entirely prior claim for larger sum, with no explanation for doing so, that there was no evidence introduced by defendant in support of any defense sufficient to support verdict in favor of defendant was not sufficient for court to sustain motion, since plaintiff should have stated defects in evidence as offered by defendant.

Appeal from Circuit Court, Ziebach County; HON. W. F. EDDY, Judge.

Action by Clarence M. Forgard against John Barthold. From a judgment for plaintiff, and an order denying defendant's motion for a new trial, defendant appeals. Reversed and remanded for new trial.

*W. M. Potts*, of Mobridge, for Appellant.

*Clark & Henderson*, of Yankton, for Respondent.

(2) To point two of the opinion, Appellant cited: Osborne & Co. v. Stringham, 1 S. D. 406, 47 N. W. 410; McAveigh v. Pelham Park R. Co., 120 N. Y. S. 102.

(4) To point four, Appellant cited: Marshall v. Harney Peak Tin Min. Mills & Mfg. Co., 1 S. D. 350, 47 N. W. 290; Merchants Natl. Bank v. Stebbins, 15 S. D. 280, 89 N. W. 674; Kielbach v. Chicago & St. P. Ry. Co., 13 S. D. 629, 84 N. W. 192; McGill v. Young (S. D.), 92 N. W. 1066; Consolidated Land & I. Co. v. Hawley, 7 S. D. 229, 63 N. W. 904; Bright v. Ecker, 9 S. D. 192, 68 N. W. 326; Shepard v. Hanson, 10 N. D. 194, 86 N. W. 704; Roberts v. Ruh, 22 S. D. 13, 114 N. W. 1097.

Respondent cited: Roberts v. Ruh, 22 S. D. 13, 114 N. W. 1097; Greenwald v. Ford, 109 N. W. 516; Longly v. Daly, 1 S. D. 257, 46 N. W. 247; Fromherz v. Yankton Fire Ins. Co., 7 S. D. 187, 63 N. W. 784; McKeever v. Homestake Mining Co., 10 S. D. 599, 74 N. W. 1053; Fisher v. Porter, 11 S. D. 311, 77 N. W. 112; Howie v. Bratrud, 14 S. D. 648, 86 N. W. 747; Lockhart v. Hewitt, 18 S. D. 522, 101 N. W. 355.

DILLON, J. This is an action brought to recover on an oral contract. In February of 1920, plaintiff and defendant entered into an agreement whereby plaintiff was to feed and care for 90 odd head of cattle belonging to defendant. In return for his services, defendant agreed to pay plaintiff the sum of $300, from which sum the wages of a hired man were to be deducted. Defendant was to pay for all of the hay and corn used in feeding the cattle, and made an advance payment on the hay of $200. In March of the same year, there was a severe blizzard, lasting from Sunday until Tuesday, and during this blizzard some 45 head of the cattle perished. The balance of the cattle were returned to defendant the latter part of April, and in May or June, the exact

time is in dispute, plaintiff held a conference and discussed a settlement. Each one did their own figuring, and in his testimony plaintiff claims that his figures were $660 for hay, $115.50 for corn fed to the cattle, and $54.40 for corn fed to horses; that defendant had a credit of $272.00 due him, which, with the $300 for services, would leave a balance of something over $800 owing to him; that the wages of the hired man were to be taken out of that; and that they figured the wages at $60 or $65, he did not remember which. In plaintiff's complaint in the settled record the amount stated for corn was $159.90, and the credit due the defendant was $272.50. This must be a stenographic error; otherwise the balance arrived at in the complaint in the settled record could only be $847.40 instead of $857.40. At any rate, the figuring seems to have been entirely on guess work, and without any definite basis. Defendant did not pay plaintiff, and plaintiff brought this action to recover. Defendant answered plaintiff's complaint by conceding the contract, admitting that he was to pay $300 for services, and that he was to pay for certain feed agreed upon to be fed to said cattle; but denied that there is a sum of $857.40 owing to plaintiff, and alleges the amount claimed by plaintiff, at the time they talked of a settlement, was $794.50, and set up a counterclaim against plaintiff for $3,000 damages for the death of some 45 head of cattle caused by the alleged neglect of plaintiff. Plaintiff, at close of trial, asked for a directed verdict, which motion the court sustained and entered judgment for the plaintiff in the sum of $794.50. Defendant then moved for a new trial, which motion the lower court denied, and it is from the order denying a new trial and the judgment entered that defendant now appeals.

Appellant's brief presents 40 assignments of error, but they have been grouped so as to bring all of appellant's contentions under three distinct heads:

(1) Assignments Nos. 38-40: That the court erred in directing a verdict. (2) Assignments 1-31, 33, 34, 35, 37; That the court erred in its rulings on evidence. (3) Assignments 32, 36: That the court erred in rejecting offers of proof.

We think that there were sufficient facts in dispute in this case to take it to the jury, and that the trial court did err in di-

recting a verdict, and, in view of this conclusion, it will be necessary only to take up assignments Nos. 38-40.

[1, 2] The amount of hay and corn fed to appellant's cattle and the value of same were all questions of fact which should have been submitted to the jury. With the exception of the $300 agreed by both parties as the sum to be allowed for respondent's services, the amount involved in this action depended entirely upon the amount of hay and corn fed to the cattle and the value of same. The judgment allowed in this case was for the sum of $794.50, the amount which appellant alleges respondent claimed was due him at the time they talked of a settlement. In his complaint, respondent alleges the amount of $857.40 upon an "account stated." We are therefore at a loss to know upon what basis the judgment was figured. In his testimony appellant admits that he does not himself know how much was paid to the hired man. The discrepancy in the two amounts is not explained. The question of whether or not there was an "account stated" was a question of fact for the jury to determine.

[3] It is the opinion of this court that there was not an "account stated." Osborne & Co. v. Stringham, 1 S. D. 413, 47 N. W. 410:

"To make an account stated, there must be a mutual agree- ment between the parties as to the allowance or disallowance of their respective claims, and to establish such an account so as to preclude a party from impeaching it, save for fraud or mistake, there must be proof of assent to the account as rendered, either express or implied. Two facts are necessary to make one debtor and creditor: There must be a mutual agreement between them as to the allowance and disallowance of their respective claims, and as to the balance struck upon the final adjustment of the whole account and demand of both sides. Their minds must meet as in making other agreements, and they must both assent to the account and the balance as correct."

[4] Respondent's counsel moved for a directed verdict on the ground that the undisputed evidence shows that the respondent was entitled to recover the sum of $794.50, abandoning entirely the prior claim of $857.50, with no explanation whatever for doing so; that there was no evidence introduced by defendant

in support of any defense sufficient to support any verdict in favor of the defendant. This was not sufficient for the court to sustain the motion. Respondent should have stated the defects in the evidence as offered by appellant. Howie v. Bratrud, 14 S. D. 648, 86 N. W. 747.

Consolidated Land & Irrigation Co. v. Hawley, Sheriff, 7 S. D. 229, 63 N. W. 904:

"If, upon any material question of fact, the evidence is such that the jury might reasonably have found for the plaintiff, it is error for the court to direct a verdict for the defendant," and vice versa.

The facts presented in this record, as we view it, made a case upon which the jury might have found for the defendant, and it was error for a verdict to be directed for plaintiff.

The judgment is reversed, and the case remanded for a new trial.

POLLEY, P. J., and CAMPBELL, SHERWOOD, and GATES, JJ., concur in result.

Note.—Reported in 205 N. W. 703. See, Headnote (1), American Key-Numbered Digest, Animals, Key-No. 25, 3 C. J. Sec. 56; (2) Account Stated, Key-No. 20(1), 1 C. J. Sec. 403; (3) Account Stated, Key-No. 4, 1 C. J. Sec. 284; (4) Trial, Key-No. 174, 38 Cyc. 1584.