SANDRA CALVERT, APPELLANT, V. ROBERTS DAIRY COMPANY, A CORPORATION, APPELLEE.

496 N.W.2d 491

Filed March 5, 1993.   No. S-90-901.

Jacob J. Peters, of Peters Law Firm, P.C., and Jack A. Dike, of Headley & Dike Law Office, for appellant.

Betty L. Egan, of Walentine, O'Toole, McQuillan & Gordon, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

HASTINGS, C.J.

The plaintiff, Sandra Calvert, appeals the order of the district court sustaining the defendant's demurrer and dismissing the plaintiff's petition with prejudice. We reverse and remand for further proceedings.

The petition, filed on May 15, 1990, alleges that plaintiff was at all times a resident of the State of Iowa and the defendant was a Nebraska corporation. The petition further alleges damages arising out of an accident as a result of the negligence of the defendant occurring in Council Bluffs, Iowa. Defendant demurred "pursuant to Neb. Rev. Stat. §25-806 for the reason that on the face of Plaintiff's Petition, the cause of action is barred by the applicable Statute of Limitations and that there are no special circumstances which have tolled the Statute."

Neb. Rev. Stat. § 25-806 (Reissue 1989) provides in pertinent part:

> The defendant may demur to the petition only when it appears on its face (1) that the court has no jurisdiction of the person of the defendant or the subject of the action; . . . or (6) that the petition does not state facts sufficient to

constitute a cause of action.

A petition is demurrable which shows on its face that the action is barred by a statute of limitations and no allegations tolling the statute are made. *Bend v. Marsh*, 145 Neb. 780, 18 N.W.2d 106 (1945); *Pohle v. Nelson*, 108 Neb. 220, 187 N.W. 772 (1922). A demurrer goes only to those defects which appear on the face of the petition and where the alleged defect does not appear on the face of the petition, it becomes an affirmative defense which must be raised by the party seeking the benefit of the defect. *Smick v. Langvardt*, 216 Neb. 778, 345 N.W.2d 830 (1984).

Neb. Rev. Stat. § 25-207 (Reissue 1989), provides that an action for an injury to the rights of the plaintiff not arising out of contract may only be brought within 4 years. The petition in this case was filed within 4 years of the accident and therefore on the face of the petition the action is not barred by the applicable statute of limitations. For that reason alone the action of the district court should be reversed and the cause remanded for further proceedings.

However, even though not pled, there is a finding in the order of the trial court and statements in the briefs of the parties that Iowa has a 2-year statute of limitations which the district court found applicable and which caused this action to be time barred. In *Minneapolis Harvester Works v. Smith*, 36 Neb. 616, 54 N.W. 973 (1893), however, this court noted:

> [W]hen a party relies upon a statute of another state to make out his cause of action or defense, he must plead the statute upon which he depends in the same manner he would any other fact. . . . While it is the better, and safer, practice in pleading the statute of another state to set out a copy thereof in the pleading, yet, we think, it is sufficient to allege the substance of the statute desired.

*Id.*, 36 Neb. at 619-20, 54 N.W. at 974.

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the trial court. *First Nat. Bank v. Heiden*, 241 Neb. 893, 491 N.W.2d 699 (1992); *May Broadcasting Co. v. Boehm*, 241 Neb. 660, 490 N.W.2d 203 (1992).

It is provided by Neb. Rev. Stat. § 25-12,101 (Reissue 1989) that "[E]very court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States." Section 25-12,102 states that "[T]he court may inform itself of such laws in such manner as it may deem proper, and the court may call upon counsel to aid it in obtaining such information." However, this court has said that in order for a litigant to invoke the Uniform Judicial Notice of Foreign Law Act, § 25-12,101 et seq., he or she must give reasonable notice in pleadings or otherwise of the intention so to do, *Smith v. Brooks*, 154 Neb. 93, 47 N.W.2d 389 (1951), and to require a trial court to take judicial notice of the law of another state, it must be pleaded, *Scott v. Scott*, 153 Neb. 906, 46 N.W.2d 627 (1951).

Nevertheless, in the trial court's order, and as admitted by plaintiff in her brief, Iowa apparently does have a 2-year statute of limitation as to actions involving torts. The court further found that Nebraska's "borrowing" statute, Neb. Rev. Stat. § 25-215 (Reissue 1989), would require the application of Iowa's statute of limitations. The case was tried on that theory in the trial court, and was briefed and argued in this Court on that theory. Furthermore, if we were to remand the case to the district court for the reason that the defect did not appear on the face of the petition, it is likely that the case would be retried and the issue of the Iowa statute of limitations would properly be raised, and we again would be confronted with the same issue to decide. Therefore, in the interest of judicial economy we proceed to decide the pivotal question raised here.

Preliminarily we should state that although substantive rights of parties to an action are governed by the state where the cause of action arose, procedural matters are dictated by the law of the forum. *Whitney v. Penrod*, 149 Neb. 636, 32 N.W.2d 131 (1948).

In *Sun Oil Co. v. Wortman*, 486 U.S. 717, 108 S. Ct. 2117, 100 L. Ed. 2d 743 (1988), the Court stated: "This Court has long and repeatedly held that the Constitution does not bar application of the forum State's statute of limitations to claims that in their substance are and must be governed by the law of a different State." *Id.* at 722.

The proposition that a forum always applies its own statute of limitations has been modified in many jurisdictions by the enactment of borrowing statutes. A borrowing statute directs a forum court to apply the statute of limitations of a foreign jurisdiction.

Nebraska's borrowing statute is found at Neb. Rev. Stat. § 25-215 (Reissue 1989). It provides as follows:

> All actions and causes of action which are barred by laws of any other state, territory or country shall be deemed barred in this state; *but no action shall be barred by laws of any other state, territory or country unless the same would have been barred by the provisions of this chapter had the defendant been a resident of this state for the period herein prescribed.*

(Emphasis supplied.)

On its face, the section limits the application of the statute of limitations of a foreign jurisdiction, as a minimum, to the comparable statute of limitations of this state.

However, to say that this section makes any particular sense would be a gross overstatement. In his article, *The Nebraska Borrowing Statute: A History and Translation*, found at 9 Creighton L. Rev. 677 (1976), Professor J. Patrick Green makes an heroic effort to bring order out of chaos through his historical review of the components and precursors of this section. Whatever conclusions one might draw from his analysis, no one could quibble with his stated conclusion:

> The primary purpose of this study has been the explanation of the borrowing statute. Hopefully, it has accomplished that purpose. However, the study has an additional goal. That a statute as potentially important as the borrowing statute is almost unintelligible without a close examination of its history should be an embarrassment to the bar. When the confused state of the borrowing statute typifies the conditions of many of the Nebraska statutes governing civil practice, then the time for a thorough going revision of those statutes has arrived. Statutes governing procedure should facilitate the expeditious resolution of litigation. Statutes like the borrowing statute convert the process of litigation into the

traversal of a mine field.
*Id*. at 692.

Section 25-215 finds its origin in Sections 18 and 21 of the Nebraska Code of Civil Procedure, which provided as follows:

> Section 18. All actions, or causes of action, which are or have been barred by the laws of this territory, or any state or territory of the United States, shall be deemed barred under the laws of this territory.
>
> . . . .
>
> Section 21. When a cause of action has been fully barred by the laws of any state or country where the defendant has previously resided, such bar shall be the same defense in this territory as though it had risen under the provisions of this title.

Neb. Rev. Stat. pt. II, tit. II, § 18 and § 21 (1866).

Section 21 was later amended, in 1905, to read:

> When a cause of action has been fully barred by the laws of any state or country where the defendant has previously resided, such bar shall be the same defense in this state as though it had arisen under the provisions of this title. *Provided that the provisions of this section shall be construed to apply only to causes of action arising without this state unless the action would have been barred had the debtor continued to reside in this state.*

(Emphasis supplied.)

Sections 18 and 21 remained unchanged until 1913, when § 18 was merged with language from § 21 to create a new, somewhat altered, borrowing statute, § 19. The 1913 revision is retained as the current § 25-215 (Reissue 1989), which as previously stated provides:

> All actions and causes of action which are barred by laws of any other state, territory or country shall be deemed barred in this state; *but no action shall be barred by laws of any other state, territory or country unless the same would have been barred by the provisions of this chapter had the defendant been a resident of this state for the period herein prescribed.*

(Emphasis supplied.)

Thus the statute has been changed from an unconditional

borrowing of a foreign statute to the logical limitation to those causes of action which arose outside the state, to an unconditional limitation of the use of foreign statutes of limitations to the minimum period provided by our own statutes. Bizarre as this result may appear, we are required to give effect, if possible, to all the several parts of a statute, and no sentence, clause, or word should be rejected as meaningless or superfluous if it can be avoided. *NC + Hybrids v. Growers Seed Assn.*, 219 Neb. 296, 363 N.W.2d 362 (1985).

Accordingly, we hold that Nebraska's borrowing statute, Neb. Rev. Stat. § 25-215 (Reissue 1989), permits the barring of a claim by the statute of limitations of a foreign state only in the event the claim would have been barred by the applicable Nebraska statute of limitations if the defendant had "been a resident of this state for the period [t]herein prescribed" by the applicable Nebraska statute of limitations, i.e., in this case, 4 years of residency between the accrual of the claim and the filing of the action. Although defendant apparently had been a resident since its incorporation, the period of residency between accrual of and filing of the cause of action did not encompass 4 years.

Thus, the exception of § 25-215 comes into play, the Iowa statute of limitations is not effective, the Nebraska statute of limitations applies, this action is not barred by those provisions, and the judgment of the district court is reversed and remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.