Jeremiah L. HATCHETT, Plaintiff,

v.

K & B TRANSPORTATION,
INC., Defendant.

No. CIV–03–0057–HE.

United States District Court,
W.D. Oklahoma.

April 1, 2003.

Rex K Travis, Oklahoma City, William E Gast, Historic Reed Residence, Omaha, NE, for Jeremiah L Hatchett, plaintiff.

Laurie A Fong, Law Office of Aimee' J Treece, Oklahoma City, Scott A Lautenbaugh, Nolan Olson Law Firm, Omaha, NE, for K & B Transportation Inc, defendant.

## ORDER

HEATON, District Judge.

Both parties have filed summary judgment motions addressing the issue of the appropriate statute of limitations applicable in this case and both parties have filed their responses. For the reasons which follow, the Court concludes the four-year statute of limitations provided by Nebraska law is applicable to this case.

This is a diversity action. Plaintiff is an Oklahoma resident. Defendant is a corporation organized under the laws of Nebraska and has its principal place of business in Nebraska. This case arises out of a

traffic accident in Grady County, Oklahoma, on March 2, 2000. Plaintiff alleges defendant's negligence in driving or operating its truck/tractor resulted in the accident and severe injury to plaintiff.

It appears that plaintiff, defendant's driver, all witnesses to the collision, and the medical providers treating plaintiff are all Oklahoma residents. Notwithstanding the fact that virtually all aspects of this case involve Oklahoma or Oklahoma residents, the case was initially filed in the United States District Court for the District of Nebraska. On plaintiff's motion, that court then transferred the case to the Western District of Oklahoma pursuant to 28 U.S.C. § 1404(a).

The case was filed in the Nebraska federal court on June 11, 2002, more than two years after the accident. Plaintiff seeks to avail himself of the longer, four-year Nebraska statute of limitations applicable to tort actions. Neb.Rev.Stat. § 25–207(3). If Oklahoma's two-year limitations statute applies, the action would be barred. 12 Okla. Stat. § 95(3).

 In cases transferred pursuant to 28 U.S.C. § 1404, the transferee court applies the law which was applicable in the transferor court. *Ferens v. John Deere Co.*, 494 U.S. 516, 531, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990). The Nebraska federal court, sitting in a diversity case, was required to apply the laws, including the choice of law rules, of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed.

1477 (1941). Thus, Nebraska's choice of law rules determine the law to be applied in this case.

In general, Nebraska appears to have adopted the approach of the Restatement (Second) of Conflict of Laws in resolving choice of law questions in tort cases. *Inacom Corp. v. Sears, Roebuck and Co.*, 254 F.3d 683, 687 (8th Cir.2001); *Crossley v. Pacific Emp. Ins. Co.*, 251 N.W.2d 383, 386 (Neb.1977). However, as to statute of limitations issues in particular, Nebraska has a specific statute which addresses choice of law in certain contexts. Neb.Rev.Stat. § 25–215 provides:

> All actions and causes of action which are barred by laws of any other state, territory or country shall be deemed barred in this state; *but no action shall be barred by the laws of any other state, territory or country unless the same would have been barred by the provisions of this chapter had the defendant been a resident of this state for the period herein prescribed.* (Emphasis added).

The Nebraska Supreme Court, while expressing skepticism as to whether the statute "makes any particular sense," has interpreted it to prevent reliance on foreign (i.e.non-Nebraska) statutes of limitation to prescribe a limitation period shorter than that provided by Nebraska law. *Calvert v. Roberts Dairy Co.*, 242 Neb. 664, 496 N.W.2d 491, 494–95 (1993).[1] The *Calvert* court noted that, rather than being a "borrowing" statute, the Nebraska version is really a "non-borrowing" statute.[2] *Cal-*

---

**1.** The *Calvert* decision includes language suggesting that Nebraska would apply the law of the forum as to limitations issues, even absent the statutory provision. It made no reference to the Restatement in connection with the issue. Therefore, it is not altogether clear the court would have applied the Restatement approach even in the absence of the statute. However, since the Nebraska court ultimately grounded its decision on the statute, and the

statute appears equally applicable here, the Court concludes it is unnecessary to consider what approach Nebraska might take in the absence of the statute.

**2.** "Thus the statute has been changed from an unconditional borrowing of a foreign statute to the logical limitation to those causes of action which arose outside the state, to an unconditional limitation of the use of foreign

*vert,* 496 N.W.2d at 495. Thus the applicable, statutory Nebraska choice of law rule, which this Court must apply under the indicated authorities, mandates the use of the longer Nebraska four-year limitations statute.

█ In asserting that Oklahoma's shorter statute should apply, defendant relies on the decision of the Eighth Circuit Court of Appeals in *Fed. Deposit Ins. Corp. v. Nordbrock,* 102 F.3d 335 (8th Cir.1996). *Nordbrock* addressed the applicable statute of limitations in an action to enforce a promissory note. The Court of Appeals concluded that while the Nebraska Supreme Court had not directly addressed the matter, it would likely apply the Restatement (Second) approach to resolving the choice of law issue regarding the statute of limitations.[3] It therefore affirmed the district court's determination that Illinois had the most significant relationship to the matter and that the Illinois limitation statute should apply. *Nordbrock,* 102 F.3d at 338–39.

Although this Court views the Restatement (Second) approach as making considerably more sense in the present context, the Court nonetheless concludes *Nordbrock* does not control here. There the district and appellate courts considered whether Nebraska's five year statute should apply to the contract action or whether the longer Illinois statute (ten years) should apply. Since the "foreign" statute provided for a limitations period

longer than that of the Nebraska statute, the *Nordbrook* courts had no reason to consider the impact of the "non-borrowing" language of Nebraska's statute or its impact as recognized in *Calvert.* Here, where the foreign statute is shorter, the limiting language of the statute does apply and makes the longer Nebraska statute applicable.

The Court confesses a lack of comfort with the result here. The occurrence giving rise to this case was in Oklahoma and all the "players" are in Oklahoma.[4] Commencement of the case in Nebraska, followed by a section 1404(a) transfer to an Oklahoma federal court, is obviously a case of forum shopping to find a more favorable limitations period than would apply had the case been filed here in the first instance. However, the Supreme Court, recognizing that an element of forum shopping is involved, has nonetheless concluded this transferee court should apply the same choice of law rules as would have been applied by the federal court in Nebraska.[5] Those choice of law rules, as reflected in the Nebraska borrowing statute, mandate use of Nebraska's longer limitations period. While this Court, like the Nebraska Supreme Court in *Calvert,* finds the case for the limiting language of the Nebraska statute to be underwhelming, the statute is nonetheless the law of Nebraska and reflects that State's applicable choice of law rule.

---

statutes of limitations to the minimum period provided by our own statutes. Bizarre as this result may appear, we are required to give effect, if possible, to all the several parts of a statute..." *Calvert,* 496 N.W.2d at 495.

**3.** Under section 142 of the Restatement (Second) of Conflict of Laws, a court will normally apply the statute of limitations of the forum unless some other state has a more significant relationship to the parties and the occurrence.

**4.** Admittedly, defendant's status as a Nebraska corporation makes the result a bit less egregious than it might otherwise be.

**5.** *Ferens,* 494 U.S. at 531, 110 S.Ct. 1274: "Our rule may seem too generous because it allows the Ferenses to have both their choice of law and their choice of forum, or even to reward the Ferenses for conduct that seems manipulative. We nonetheless see no alternative rule that would produce a more acceptable result."

Plaintiff having skillfully navigated his way through the above-described procedural maze, the Court concludes the four-year Nebraska statute of limitations applies to his claim. Plaintiff's motion for summary judgment on the question of the applicable period of limitations is **GRANTED.** Defendant's motion as to the same issue is **DENIED.**

IT IS SO ORDERED.