## ISAAC HACKER *vs.* RICHARD EVERETT.

Under R. S., c. 81, § 114, the maker of a promissory note given in this State, who has always resided, and who still resides with his family in the Province of New Brunswick, but who has, since the note became due, frequently, but temporarily, and with the knowledge of the payee, been in the payee's place of residence within this State, with attachable property, and paid him money several times, cannot avail himself of the statute of limitations in an action on the note by the payee.

ON REPORT.

ASSUMPSIT on a note of the following tenor.

"$169.83. FORT FAIRFIELD, June 12, 1857.

For value received we promise to pay Isaac Hacker or order, one hundred and sixty-nine dollars and $\frac{83}{100}$ and interest on demand. (Signed) WILLIAM EVERETT.

RICHARD EVERETT."

On the back of the note was an indorsement of one hundred and six dollars and eighty-nine cents, dated Dec. 19, 1860.

The writ was dated Dec. 30, 1867. Plea, general issue and the statute of limitations. No service having been made on William Everett, and no property of his having been attached, and he never having been an inhabitant of this State, the plaintiff discontinued as to him.

The plaintiff, after having read the note to the jury, testified that the indorsement on the note was made by him at its date, on settlement of accounts, and was *bona fide* and correct, and that no part of the balance of the note had been paid.

The plaintiff, to avoid the statute of limitations, claimed that the defendant, Richard Everett, had never been an inhabitant of this State, and had never come into the State so that the statute would run in his favor. And it was admitted that the residence of said Everett had always been, and that it still is, with his family in New Brunswick.

The defendant offered to prove that his residence in the Province of New Brunswick was within a mile and a half of the boundary line between the State of Maine and the Province, and in a place adjoining the town of Fort Fairfield, in the county of Aroostook; that since giving the note, and since the indorsement on it, the defendant has constantly, week after week, and sometimes day after day, been within the State and town of Fort Fairfield, remaining sometimes three weeks at a time in Fort Fairfield, where the plaintiff has resided all the time, and near to the plaintiff's place of business and residence; that he has paid the plaintiff money within the time mentioned, at four different times, and negotiated other business with him at different times, at Fort Fairfield; that he frequently went for his milling to the village of Fort Fairfield, near the plaintiff's residence; that he has traveled by the plaintiff's store and house with a team, at least one hundred times, when engaged in hauling lumber, within the same time.

The defendant offered to prove also, that the plaintiff knew the defendant was within the State, as before stated, at various times; and that the defendant frequently had attachable property with him at such times, which the plaintiff must have known.

Thereupon the case was withdrawn from the jury, and reported to the full court. If the court should be of the opinion, that the facts which the defendant offered to prove would avail him to sustain the defense under the statute of limitations, the case should stand for trial, otherwise the defendant should be defaulted.

*C. M. Herrin*, for the plaintiff, cited, R. S., c. 114, § 81; R. S. of 1841, c. 146, § 28; *Drew* v. *Drew*, 37 Maine, 389; *Bucknam* v. *Thompson*, 38 Maine, 171; *Orehore* v. *Mason*, 23 Maine, 413; *Brown* v. *Nourse*, 55 Maine, 230; *Brigham* v. *Bigelow*, 12 Met. 270; *Putnam* v. *Dike*, 13 Gray, 535; Mass. R. S., c. 120, § 9; *Seymour* v. *Deming*, 9 Cush. 527; *Milton* v. *Babson*, 6 Allen, 322; *Goss* v. *Bean*, 5 Gray, 395; Same in New York on a similar statute; *Ford* v. *Babcock*, 2 Sandf. 518; *Cole* v. *Jessup*, 6 Selden, 96.

*Madigan & Donworth*, for the defendant.

The statute of limitations was intended to be a statute of repose. It was also enacted with a view to punish the creditor for his negligence, which becomes lost in permitting a creditor to maintain a suit ten years after his right of action accrued, with the debtor "constantly" in his vicinity, and within the jurisdiction of the court, with property.

If the creditor may deduct the aggregate of times during which the debtor was absent, by what rules shall it be done? Shall it be computed by hours, days, or months? The intention was simply to give the creditor an opportunity of bringing his action.

When once the statute has begun to run, it does not stop on account of any subsequent disability. 1 Bouviers's Just., 338. *Fowler* v. *Hunt*, 10 Johns. 464. *Byrne* v. *Crowningshield*, 1 Pick. 263., *Crosby* v. *Wyatt*, 10 Shepl. 156. Angell on Lim. 223.

If the intention of the law had been to collect the scattered intervals of time and deduct them from the aggregate, the statute would have read " the times of his absence," or " the time of his absences."

When a debtor returns to the State, the time of his absence is at an end, and the statute begins to run, and the creditor has an opportunity to avail himself of his legal rights.

If the statute does not begin to run at the time of the debtor's return after his first absence, when and at which return does it?

The statute does not connect the idea of his taking a residence in the State with his return, even by implication. The absence is the disability, and the time of return is the time from which the limitation commences. 29 Maine, 219. *Crosby* v. *Wyatt*, 23 Maine, 164. *Little* v. *Blunt*, 13 Pick. 359.

The creditor was in the State when the cause of action accrued, the note being payable on demand and given in the State. The debtor could have sued it then. The right of action then and there accrued. The creditor has had numberless opportunities to enforce his claim, and having neglected them for ten years shall the debtor now be compelled to produce vouchers of its satisfaction?

" Laws limiting suits, are founded in the noblest policy; they are

statutes of repose to quiet titles, to suppress frauds, and to supply the deficiency of proofs from the ambiguity and obscurity of transactions. They presume that claims are extinguished, because they are not litigated within the prescribed period. They take away all solid grounds of complaint, because they rest on the negligence or laches of the party himself. They quicken diligence by making it in some measure equivalent to right. They discourage litigation, by burying in one common receptacle all the accumulations of past times which are unexplained, and have now become inexplicable. It has been said by Voet, with singular felicity, that " controversies are limited, lest they should be immortal, while men are mortal." Story's Confl. of Laws. § 576.

APPLETON, C. J. By R. S. of 1857, c. 81, § 114, " If any person is out of the State when a cause of action accrues against him, the action may be commenced within the time limited therefor after he comes within the State ; and if any person is absent from and resides out of the State after a cause of action has accrued against him, the time of his absence shall not be taken as a part of the time limited for the commencement of the action."

It is not pretended that the defendant has resided within the State for a period of six years since the debt in suit became due. The defendant was absent from and resided without the State when the cause of action accrued, and has not since resided within it, though he may have occasionally been within its limits. He cannot avail himself of the statute bar. *Brown* v. *Nourse*, 55 Maine, 230. The statute of Massachusetts is identical with that of this State. In *Milton* v. *Babson*, 6 Allen, 322, it was held, that one who has never lived in that State, but who has been there temporarily and occasionally, though less than six years in all since the cause of action accrued, cannot avail himself of the statute of limitations in this State, of an action upon a note given in that State.

*Judgment for plaintiff.*

CUTTING, WALTON, DICKERSON, and DANFORTH, JJ., concurred.