L. D. POWELL CO., Respondent, v. LARKIN, Appellant.

(217 N. W. 200.)

(File No. 6223. Opinion filed December 31, 1927.)

*Fiske, Morris & Larkin,* of Sioux Falls, for Appellant.
*A. J. Keith,* of Sioux Falls, for Respondent.

CAMPBELL, P. J. In the year 1915 defendant resided in the state of Nebraska, and on May 18th of that year he gave to an agent of plaintiff company, addressed to plaintiff at Los Angeles, Cal., an order for certain law books published by plaintiff, which order was in the following form:

"Los Angeles, Cal., May 18, 1915.

"Please ship me, in buckram binding, at $6 per volume, transportation prepaid, the Encyclopaedia of Evidence (14 volumes) and the Supplement thereto, and the Standard Encyclopaedia of

Procedure as published (any volumes in excess of 26 including index to be furnished free), and the future Supplements to each of said publications as issued—not oftener than one Supplement for each two years.

"I agree to pay for said book as follows: $15 cash, and $6 per month until all volumes delivered have been paid for, remaining volumes, if any, to be paid for on delivery.

"The title to the above books remains in L. D. Powell Company until paid for, the same to be held, however, at my risk. If any of the foregoing installments are not paid within 30 days after they become due, the purchase price of all books delivered will be due and payable. Six per cent interest runs on installments after maturity.

"This order, a copy of which I retain, is subject to acceptance of publishers. No representations or agreements have been made on the part of the publishers not contained herein. It is understood that this order is not subject to countermand.

"References, First Nat. Bank.

"[Signed]  Jay A. Larkin, Address, Pender, Neb."

The order was accepted and approved by plaintiff company on May 24, 1915, and books were delivered thereunder to the defendant in the aggregate number of 42 volumes, of the value of $252. Defendant paid on the contract in installments at divers times a total amount of $90.50, leaving a balance unpaid on the contract of $161.50. The last payment by defendant was made on October 30, 1916. Defendant continued to reside in Nebraska until September, 1922, when he removed to South Dakota. November 2, 1923, plaintiff commenced this action to recover the unpaid balance upon the contract, together with interest. Defendant pleaded that, at the time the order was taken, it was mutually agreed between himself and plaintiff's salesman that defendant could cancel the contract at any time he so desired and thereupon return the books he had received, and the contract would be terminated, and no further shipment of books would be made thereunder, and that pursuant to that agreement he canceled the contract on October 30, 1916, and had ever since been and continued ready, able, and willing to return the books to plaintiff, who refused to accept them. He also pleaded that he continued to reside in Nebraska until 1922, and that the Nebraska statute of limitations

had barred any action upon the contract, and further pleaded the statute of limitations of South Dakota upon the ground that the cause of action accrued more than 6 years before the commencement of the action.

The action was tried to the court without a jury, and findings and conclusions were for the plaintiff upon all the issues, and judgment was thereupon entered, granting plaintiff the relief asked in its complaint, from which judgment and an order denying his motion for new trial, defendant has sought to appeal to this court.

The brief of the appellant fails to comply in many particulars with our statute and rules of court. Appellant has asked for leave to amend and correct the brief, basing such application upon his own affidavit, alleging that at the time his brief was submitted he was ill and not in condition to take care of the work which should have been done on the brief, and that he had previously practiced in Nebraska and had never previously prepared an appeal to this court, and that at the time respondent's brief was served upon him he was ill and was unable to work until about March 1, 1927. Why he took no steps in the matter between March 1, 1927, and November of the same year, he does not state. We are not impressed that appellant has shown any very persuasive reasons for being allowed to amend his brief, and it is certainly clear that he has not exercised any diligence in seeking leave to amend.

However, it being the day before Christmas, we will give appellant the benefit of all doubts, expressly disclaiming any intention thereby to create a binding precedent, and, without ruling upon the application for leave to amend the brief, we will proceed to consider the questions which appellant seeks to raise upon the merits in like manner as though his brief were, beyond question, sufficient to raise them properly.

■■ Appellant complains that the evidence is insufficient to sustain the findings of the learned trial judge. In our opinion, not only is the evidence sufficient, but we do not see how the trial judge could have found otherwise than he did. Appellant also complains that the trial court erred in sustaining objections to questions asked of appellant upon the trial with reference to conversations between appellant and respondent's salesman when the order was given regarding a future right to cancel the order. These rulings were correct; and, in any event, appellant made no offer

of testimony in that regard, and we do not know what he would have said if he had been permitted to answer.

■ There is only one question sought to be raised by appellant which can make any claim to being entitled to serious consideration, and that is his contention that the action could not be maintained because of the bar of the statute of limitations in Nebraska and in South Dakota.

The statute of Nebraska was proved in the court below and embraces section 7563 and section 7567, Revised Statutes of Nebraska 1913, reading as follows:

"7563. Section 4. *Time for Commencement of Action*—Civil actions can only be commenced within the time prescribed in this chapter, after the cause of action shall have accrued."

"7567. Section 8. *Written Contracts—Foreign Judgments*—Within five years, an action upon a specialty, or any agreement, contract or promise in writing, or foreign judgment."

There is considerable argument in the briefs as to whether the contract in question was a California or a Nebraska contract, and as to whether or not, by virtue of the provisions of the contract, all sums thereunder became due when appellant defaulted in making the monthly payment which fell due November 1, 1916. We do not believe those points are highly material, and for the purpose of this opinion we will dispose of all of them by an assumption in appellant's favor, and will assume that the contract was a Nebraska contract; that all unpaid balance thereon became absolutely due on November 1, 1916; and that by virtue of the provisions of the Nebraska statute above cited action upon the contract in the state of Nebraska became absolutely and forever barred in November, 1921, and before appellant removed from that state.

Upon those assumptions we will consider, first, the effect upon the action in this state of the bar of the Nebraska statute. It is clear, we think, that the effect of the Nebraska statute upon the contract in question would be to bar the remedy and not to destroy the right. It is the general rule and the weight of authority that a statute which merely limits the time within which action may be brought upon a contract affects the remedy only, and not the right, and can have no extraterritorial effect, and will not prevent action upon the contract thereafter in the forum of some other state un-

less a statute of the forum so provides. On this point, see Goodrich on Conflict of Laws, §§ 85 and 86, and cases cited. (See, also, cases collected in the notes found in 48 L. R. A. 625, 6 L. R. A. (N. S.) 658, and 46 L. R. A. (N. S.) 687.

The first territorial Legislature of Dakota copied and enacted the then existing provision of the Ohio Code of Civil Procedure as section 19, c. 8, Laws of Dakota 1862, reading as follows:

"Where the cause of action has arisen in another state or country between nonresidents of this territory and by the laws of the state or country where the cause of action arose, an action cannot be maintained thereon by reason of lapse of time, no action can be maintained thereon in this territory."

That continued to be the law of Dakota Territory until the seventh legislative session, held in 1867-68, adopted a new Code of Civil Procedure, taken primarily from the New York Code, which new Code by section 26 thereof provided:

"All laws heretofore passed relating to the times of commencing actions are hereby repealed, and the provisions of this title are substituted in their stead."

The law of 1867-68 contained no provision similar to section 19 of the law of 1862, and such provision has not since existed in the law of Dakota Territory or of this state, and in 1882 we find Chief Justice Edgerton holding that an action could be maintained in Dakota Territory upon a note given in Utah, notwithstanding the fact that the maker of the note resided in Utah when he gave it, and that action thereon in Utah Territory had been barred by a 3-year statute of limitations in that territory before the maker of the note left Utah. Star Wagon Co. v. Matthiessen, 3 Dak. 233, 14 N. W. 107.

We are therefore of the opinion in the instant case, inasmuch as the Nebraska statute goes to the remedy and not to the right, that action on the contract in South Dakota is not in any wise affected by the fact that action could not have been brought thereon in Nebraska because of lapse of time.

Whether action on the contract is barred by lapse of time must therefore be determined for the purposes of this action by the laws of South Dakota, the state of the forum, without reference to the Nebraska statute or to the existence of a bar in Nebraska.

Assuming default since 1916, it is, of course, true that the cause of action accrued more than 6 years before suit was commenced in this state, and if defendant had been at all times a resident of South Dakota the action would be barred by section 2294 and section 2298, Revised Code 1919. However, appellant did not establish a residence in this state prior to the year 1922. Section 2265, Revised Code 1919, reads as follows:

"§ 2265. *When Person Is Absent from State.* If, when the cause of action shall accrue against any person, he shall be out of the state, such action may be commenced within the terms herein respectively limited, after the return of such person into this state; and if, after such cause of action shall have accrued, such person shall depart from and reside out of the state, the time of his absence shall not be deemed or taken as any part of the time limited for the commencement of such action."

This court has definitely held that section 2265 applies to the case of a nonresident who comes to this state without previously having lived here, as well as the case of a resident who absents himself from the state and then returns. McConnell v. Spicker, 15 S. D. 98, 87 N. W. 574. This is the general rule as to similar statutes, omitting from consideration the question of foreign corporations. See Jamieson v. Potts, 55 Or. 292, 105 P. 93, 25 L. R. A. (N. S.) 24, and cases collected in note to the report in 25 L. R. A. (N. S.) pp. 24 to 27. This, we believe, is sound law, and in our opinion the South Dakota statute of limitations could not commence to run in favor of appellant prior to his coming to this state in 1922.

The judgment and order appealed from are therefore affirmed.

POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.