No. 827 September 24, 2025 547

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Everett BEASTON,
*Plaintiff-Appellant,*

*v.*

Bella NICKELSON,
*Defendant-Respondent.*

Columbia County Circuit Court
22CV23529; A181172

Cathleen B. Callahan, Judge.

Argued and submitted November 1, 2024.

Jacob Johnstun argued the cause and filed the brief for appellant.

Thomas M. Christ argued the cause for respondent. Also on the brief was Sussman Shank LLP.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Reversed and remanded.

**SHORR, P. J.**

Plaintiff appeals from the general judgment of dismissal entered after the trial court granted summary judgment in favor of defendant on the basis of the running of the statute of limitations. Plaintiff asserts that the trial court improperly applied the standard for summary judgment when it gave defendant the benefit of favorable inferences instead of viewing the evidence in the light most favorable to plaintiff. We conclude that the trial court erred and reverse and remand.

Plaintiff's claim arises from injuries he sustained while working at a property in St. Helens, when, while cutting scrap metal with a saw, sparks ignited gasoline that was on the ground, resulting in plaintiff suffering significant burns. Plaintiff alleged that his injuries were caused by defendant's negligence in failing to exercise reasonable care to make the premises safe for plaintiff's visit or to warn him about the presence of the gasoline.[1] The parties agree that plaintiff's claim for premise liability and personal injury was subject to the two-year statute of limitations established in ORS 12.110,[2] and that he filed his claim more than two years after the injury occurred.[3] Plaintiff alleged in his complaint that the statute of limitations was tolled pursuant to ORS 12.150.[4]

---

[1] The property was defendant's father's home prior to his passing in August 2019. At the time of plaintiff's injury, defendant was the trustee and a beneficiary of the living trust that was the legal owner of the property.

[2] "An action for *** any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years." ORS 12.110(1).

[3] Plaintiff's complaint and subsequent filings differ as to whether the injury occurred in February or March of 2020. The complaint was filed in July 2022. Therefore, whether the injury occurred in February or March is immaterial to the present analysis.

[4] ORS 12.150 states:

"If, when a cause of action accrues against any person, the person is out of the state and service cannot be made within the state or the person is concealed therein, such action may be commenced within the applicable period of limitation in this chapter after the return of the person into the state, or after the termination of the concealment of the person; and if, after a cause of action has accrued against a person, the person shall depart from and reside out of this state, or if the person is concealed therein, the time of the absence or concealment of the person shall not be deemed or taken as any part of the time limited for the commencement of such action."

Defendant moved for summary judgment on the basis of the two-year statute of limitations. She argued that the tolling statute, ORS 12.150, was inapplicable to nonresidents of Oregon, and therefore did not apply to her because she had been a continuous resident of Washington for many decades. Because the tolling statute did not apply, she argued, the action was time-barred. In support of her motion, she submitted a declaration stating that she had been a resident of Washington continuously since 1988, supplied the addresses where she lived when her Washington driver's license was issued in 2019 and her then-current address, both in Vancouver, Washington, and supplied a copy of her current Washington State driver's license. In a supplemental declaration submitted a month later, she explained that she was cleaning out the home at the St. Helens property and preparing it for sale following her father's death, but maintained that she was not living there at the time of plaintiff's injury. She stated that she was residing in Vancouver and would travel to St. Helens to work on the property, and would occasionally spend the night there if her work lasted into the evening, but that she did not reside there.

In opposing the motion for summary judgment, plaintiff argued that defendant was indeed an Oregon resident at the time the action accrued, and therefore ORS 12.150 applied and tolled the statute of limitations. Plaintiff asserted that defendant began living at the St. Helens house sometime prior to her father's passing in August 2019 and continued to live there at least through the time when plaintiff's injuries occurred. In support of his opposition to summary judgment, plaintiff submitted a declaration in which he described the history of his business relationship with defendant, noted that her car was almost always at the St. Helens property whenever he went by the house, and stated: "Based off my conversations with the defendant, my understanding was that she was living at the Division Road property." Plaintiff also submitted a declaration from his partner, who had been helping him with the scrap metal work at the property, in which she reiterated the same observations regarding defendant's car, and included the following statements:

"Based off my conversations with [defendant], my understanding was that she was living at the Division Road property. She was always there. On one occasion, she told me that she was going to be gone for the weekend, and so she wrote us a note that gave us permission to be on the property while she was temporarily away.

"Based on another conversation I had with [defendant], my understanding was that she had lived at that property while taking care of her father prior to his passing, and that she planned to fix the place up and move away. [Defendant] indicated animosity towards her siblings and that she wanted to move away from them."

Plaintiff also submitted a copy of the note defendant had written them, a copy of defendant's father's death certificate, a sale agreement for the sale of the St. Helens house at the end of 2020, database search results from a private investigator of defendant's residential history (showing primarily addresses in Washington, but including the St. Helen's address), and property records for the Vancouver address listed on defendant's driver's license showing it belonged to her son.

At the hearing on the motion, defendant maintained that there was no question that she had been a Washington resident the entire time and therefore summary judgment on the statute of limitations was appropriate because the tolling statute did not apply to her. Plaintiff argued that there was a genuine issue of material fact because reasonable minds could differ as to defendant's residency at the time the action accrued. Plaintiff also asked, if the court was not inclined to deny the motion at the time, that he be granted additional time for discovery, as no depositions had been taken yet. The court ultimately granted the motion for summary judgment without granting a postponement for further discovery, ruling as follows:

"I'm going to grant the defendant's motion. I'm sorry, [plaintiff's counsel]. I feel for your client. I really do, but I just don't see the story the way that he's giving it to you and I think that her burden has been met. The very basic of having a driver's license from the state that she lives in, documentation that's been provided by your client or by you to this court that shows all the addresses that she's resided

in in Washington. She's clearly a Washington resident and was over here in my mind taking care of her dad.

"They saw her a few times and made the assumption that she lived there and that she was the property owner. I don't know how much conversation they had about that, but she does not reside there, so I'm sorry it didn't go the way you wanted, but we are done here."

Two weeks after the hearing, prior to a judgment being entered, plaintiff filed a motion to reconsider based on the discovery of new evidence, and submitted a declaration that contradicted defendant's declaration. Defendant argued in response to the motion that plaintiff had had the opportunity to submit the new evidence at the first hearing and that the original ruling should stand. The court denied the motion to reconsider and entered a judgment granting summary judgment in favor of defendant. This appeal followed.

Plaintiff raises three assignments of error, arguing that the trial court erred by granting the motion for summary judgment,[5] denying his request for a postponement to conduct further discovery, and denying the motion for reconsideration. Because we conclude that the court erred in granting the motion for summary judgment, we need not reach the remaining two assignments of error.

On review, we will affirm a trial court's grant of summary judgment if we agree that "there is no genuine issue as to any material fact and the moving party [was] entitled to a judgment as a matter of law." *Robinson v. Lamb's Wilsonville Thriftway*, 332 Or 453, 455, 31 P3d 421 (2001); ORCP 47 C. No genuine issue of material fact exists if, viewing the evidence, and all reasonable inferences that may be drawn from the evidence, in the light most favorable to the nonmoving party—here, plaintiff—"no objectively reasonable juror could return a verdict for the [nonmoving] party on the matter that is the subject of the motion for summary

---

[5] We acknowledge that, strictly stated, plaintiff's first assignment of error states that the trial court erred when it "shifted the evidentiary burden" to plaintiff on the residency issue. However, when considered in light of plaintiff's argument that follows that assignment, it is clear that plaintiff also more broadly maintains that the trial court erred in granting summary judgment because there were disputed issues of material fact on the residency issue.

judgment." ORCP 47 C; *see also Iverson's Unlimited, Inc. v. Winco Foods, LLC*, 288 Or App 10, 16, 404 P3d 981 (2017) (stating the summary judgment standard and how the evidence is viewed). Because plaintiff would have the burden at trial of producing evidence showing that the tolling statute operated as an exception to the statute of limitations, when defendant carried her initial burden as the moving party under ORCP 47 C, plaintiff then had the burden of producing evidence on that issue on summary judgment. That means that plaintiff needed to offer evidence at the summary judgment stage that created a genuine issue of material fact as to the factual applicability of ORS 12.150. *Davis v. County of Clackamas*, 205 Or App 387, 394, 134 P3d 1090, *rev den*, 341 Or 244 (2006).

In reviewing the trial court's ruling we examine whether the record gives rise to a triable issue of fact as to defendant's residency at the time of plaintiff's injury. As an initial matter, we note that the trial court did not set forth its understanding of what constituted a "resident" for purposes of the application of ORS 12.150. However, we understand the trial court's ruling to use "reside" and "live" interchangeably, and that the court's finding was that defendant was not living at the St. Helens house. The parties' arguments before us are primarily based on whether there was a material question regarding whether defendant was living at the St. Helens house or not, and they have not developed any legal argument regarding the test for determining legal residency. We therefore similarly limit our discussion.[6]

We conclude that plaintiff offered sufficient evidence to create a genuine issue as to the question of whether defendant was living in St. Helens at the time of the injury,

---

[6] In his response to the motion for summary judgement, plaintiff asserted that, even if defendant was a resident of Washington at the time the action accrued, ORS 12.150 still tolled the running of the statute of limitations, citing to early 20th century case law, *Jamieson v. Potts*, 55 Or 292, 105 P 93 (1909). Plaintiff does not pursue that argument on appeal and has not asked for reversal on that basis. The parties frame their arguments in terms of the trial court's assumption that petitioner's continuous Washington residency would defeat the application of the tolling statute. We therefore decide only the issue the parties have presented—namely whether there was a genuine issue as to the material fact of defendant's residence. However, because we are remanding for further proceedings, plaintiff will have the opportunity to reassert his argument regarding the proper interpretation of ORS 12.150, and we offer no opinion on that matter.

and the trial court therefore erred in granting summary judgment. Plaintiff's partner's declaration recounted her understanding of a conversation with defendant regarding defendant having lived at the St. Helens property since prior to her father's death, continuing to live there, and planning to move away once the place was fixed up. That evidence, if credited, created a genuine issue of fact regarding the applicability of ORS 12.150, as the parties understood it. Summary judgment is only appropriate when no objectively reasonable juror could find the facts in favor of the non-moving party. The trial court, in its ruling, did not give plaintiff the benefit of viewing the evidence in the light most favorable to him and drawing all reasonable inferences in his favor. Instead, the court appears to have weighed the evidence—rejecting the "story" that plaintiff put forth—and found defendant's evidence to be more convincing. Viewing the facts in the light most favorable to plaintiff, and drawing all reasonable inferences in plaintiff's favor, however, a fact finder could reasonably conclude that defendant was living at the St. Helens house and had been for many months prior to plaintiff's injury. There is sufficient evidence in the summary judgment record to defeat defendants' motion for summary judgment.

Reversed and remanded.